# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AIMEE B. LEEP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-466-RAW-SPS |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The claimant Aimee B. Leep requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423 (d)(1)(A). A claimant is disabled under the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

Commissioner's.  *See Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty years old at the time of the administrative hearing (Tr. 46). She possesses an associate degree and has worked as a registered nurse in various capacities (Tr. 49, 72, 85–86).  The claimant alleges that she has been unable to work since August 10, 2018 due to anxiety and depression (Tr. 77–78).

## Procedural History

On February 25, 2019, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.  Her application was denied. ALJ B.D. Crutchfield conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 1, 2020 (Tr. 12–30).  The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. §§ 404.981.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation.  She found at step four that the claimant could perform a full range of work at all exertional levels but with the following non-exertional limitations: she is limited to simple, routine tasks with

no public contact (Tr. 20). The ALJ then concluded at step five that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *i.e.*, kitchen helper, janitor, and hand packager (Tr. 28–29).

### Review

The claimant contends that the ALJ erred by failing to: (i) properly consider and account for the claimant's severe mental impairments, and (ii) properly consider and account for the claimant's non-severe physical impairments. Specifically, the claimant contends the ALJ failed to resolve inconsistencies in the state reviewing opinions and failed to include limitations found by them in the RFC. The undersigned Magistrate finds this contention persuasive for the following reasons.

The ALJ determined that the claimant had the severe impairments of generalized anxiety disorder and major depressive disorder (Tr. 15). Additionally, the ALJ found the claimant's shoulder impairment, migraines, diabetes mellitus, obesity, hypertension, hyperlipidemia, and hyperthyroidism to be non-severe (Tr. 15). Relevant medical records reflect that prior to the alleged onset date, the claimant regularly saw Dr. Michelle P. Hubner to monitor and maintain her antidepressant and anxiety medication as early as August 30, 2016 (Tr. 393–394). The claimant visited Dr. Hubner every few months through the alleged onset date, August 10, 2019, with the latest visit noted in the record occurring on March 4, 2020 (Tr. 458–460). Dr. Hubner's treatment notes from this time period indicated that the claimant was experiencing depression, anxiety, and insomnia (Tr. 294–369, 457–489). Despite these mental impairments, the claimant had normal speech and thought content, had intact associations, had intact judgement and insight, was alert

-4-

and oriented, had normal language and memory, had normal fund of knowledge, and had a congruent mood and affect but was having non-normal psychotic thoughts (Tr. 294–369, 457–489). Additionally, during a visit prior to the alleged onset date, on January 17, 2017, Dr. Hubner noted that the claimant reported missing work due to her depression (Tr. 378). Treatment notes from June 4, 2019, just before the alleged onset date, indicate that the claimant reported to her primary care physician that her depression and other impairments were well controlled with medication (Tr. 408–409).

On June 3, 2019, Dr. Kenny A. Paris, Ph.D. performed a mental consultative examination of the claimant (Tr. 401–407). During the examination, Dr. Paris observed that the claimant's mood was consistent with her subjective complaints of anxiety but otherwise she had arrived on time, appropriately dressed with appropriate hygiene; her posture and gait were normal; she had no unusual or involuntary mannerisms; her facial expression and eye contact were appropriate; and she was cooperative and responsive with good verbal skills (Tr. 404). He found that the claimant had generalized anxiety disorder with panic attacks, major depressive disorder, and dysthymic disorder (Tr. 405). Dr. Paris ultimately concluded that the claimant had an impaired memory and that her ability to perform in job situations, handle the stress of work, and deal with supervisors was below average (Tr. 406). Additionally, he found that it was unlikely that her condition would improve significantly in the next twelve months (Tr. 406)

Joan Holloway, Ph.D. reviewed the evidence pertaining to the claimant's mental impairments and found that the claimant can understand, recall, and perform simple tasks with one or two steps (Tr. 85). She further found that the claimant can focus for up to two-

hour periods with routine breaks and can pace and persist for 8-hour workdays and 40-hour workweeks (Tr. 85). Additionally, she found that the claimant can interact with coworkers or supervisors to learn tasks, accept criticism, and attend meetings but cannot interact with the public (Tr. 85). Finally, she found that the claimant can adapt to work settings and some changes therein (Tr. 85). On reconsideration, Jason Gunter, Ph.D. found that the claimant can perform multi-step tasks that only require limited judgment but cannot perform tasks with in-depth, multilayer decision making (Tr. 99). Despite the claimant's symptoms, Dr. Gunter found that the claimant can focus for up to two-hour periods with routine breaks and can pace and persist for 8-hour workdays and 40-hour workweeks (Tr. 99). He further found that the claimant can interact with coworkers and supervisors for incidental work purposes but should avoid contact with the public (Tr. 99). Finally, he found that the claimant can only adapt to a work setting that does not involve frequent or rapid changes, such as a work environment with occasional changes and generally stable work demands (Tr. 99).

In her written opinion, the ALJ thoroughly summarized the claimant's testimony and the medical record (Tr. 20–26). As for the examiners of mental impairments, the ALJ summarized Dr. Paris' opinion, but incorrectly characterized Dr. Paris' opinion to be based on physical impairments, as Dr. Paris noted that the claimant may be less successful due to the interaction of mental and physical impairments (Tr. 26–27, 406). In making this characterization, the ALJ failed to note that Dr. Paris specifically pointed out that the extent of the physical impairments is outside the scope of his opinion (Tr. 26–27, 406). The ALJ found Dr. Paris' opinion to be partially persuasive, specifically because he did not examine

her for physical limitations and his opinion is inconsistent with the evidence pertaining to physical impairments, as many of those limitations have been resolved or are controlled with medication (Tr. 26–27). The ALJ found the remainder of Dr. Paris' opinion to be persuasive in relation to the mental limitations, as they are supported by her intellectual functioning, anxiety disorder, and depressive disorder and consistent with her ongoing treatment for mental impairments, unremarkable examinations, and conservative treatment with medication (Tr. 27). The ALJ then summarized the state reviewing opinions finding each only "partially persuasive." The ALJ found that Dr. Holloway's and Dr. Gunter's opinions were only partially persuasive because although they were supported by the treatment of her depression, anxiety, insomnia, they were not fully persuasive with the other cited findings of appropriate attire, hygiene, eye contact, facial expressions; lack of unusual mannerisms or involuntary movements; denied pain; alert, cooperative, organized, and logical thoughts; and no significant problems with persistence or pace (Tr. 27–28). The ALJ added to the finding on Dr. Gunter's opinion that she reported taking her medications without help (Tr. 28). For both state reviewing opinions, the ALJ found that the opinions were partially consistent with mental impairments, unremarkable examinations, and conservative treatment with medication (Tr. 27–28).

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by

considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, in the case of "material inconsistencies or ambiguities in the

evidence" the ALJ must explain how the inconsistencies "were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

In this case, although the ALJ thoroughly summarized the reviewing opinions and Dr. Paris' consultative opinion, in addition to addressing the persuasiveness, supportability, and consistency of each, she neither explained the most persuasive factors outside of supportability and consistency nor resolved the inconsistencies in the opinions. Specifically, in relation to the reviewing opinions of Dr. Holloway and Dr. Gunter, the ALJ found each "partially persuasive" under the same reasoning but did not delineate why she preferred parts of one opinion over the other. This was error because the ALJ must explain how she resolved the material inconsistencies in Dr. Holloway's and Dr. Gunter's opinions as well as address the remaining factors for each since she found both opinions equally supported and consistent. *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) and SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Instead, the ALJ used almost exactly the same reasoning in considering persuasiveness, supportability, and consistency for Dr. Holloway's and Dr. Gunter's opinions, even though they came to very different conclusions on the difficulty of tasks the claimant can handle and the adaptivity of the claimant—Dr. Holloway concluding that the claimant could only perform simple tasks and adapt to only some changes in the work setting and Dr. Gunter concluding that the claimant could perform multi-step tasks requiring limited judgment and adapt to occasional, but not rapid, changes in the work environment (Tr. 26–27). In finding that the claimant can perform a full range of work at all exertional levels consisting of simple, routine tasks without public contact, the ALJ chose parts of each of the reviewing physicians' opinions

without addressing the discrepancies or factors that led her to believe one was more persuasive than another (Tr. 20).

It was error for the ALJ to "pick and choose" her way through the evidence in this record in order to avoid finding the claimant disabled. *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to [her] position while ignoring other evidence."). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, [she] may not ignore evidence that does not support [her] decision, especially when that evidence is 'significantly probative.'") [citation omitted]; *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence [she] chooses not to rely upon, as well as significantly probative evidence [she] rejects.") [citation omitted].

Because the ALJ failed to properly evaluate Dr. Holloway's and Dr. Gunter's opinions, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis.  If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.  The undersigned Magistrate Judge thus

RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 8th day of March, 2022.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**